# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 16-355V
Filed: June 23, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

JAMES HOOPER,       *

                     *

          Petitioner,    *        Damages Decision Based on Proffer;

v.                     *        Hepatitis B ("Hep B"); Shoulder Injury

                     *        Related to Vaccine Administration

SECRETARY OF HEALTH    *        ("SIRVA"); Special Processing

AND HUMAN SERVICES,    *        Unit ("SPU")

                     *

                     *

          Respondent.    *

                     *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

       On March 18, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered  from a shoulder injury related to vaccine administration ("SIRVA") following a November 10, 2014 hepatitis B ("Hep B") vaccination.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

       On June 23, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA.  On June 22, 2016, respondent filed a Rule 4(c) Report, which included a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $100,000.00.  Rule 4(c) Report Conceding Entitlement to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Compensation and Proffer on Damages at 4. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **the undersigned awards petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioner, James Hooper.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.